UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS K. MARTIN,

                Plaintiff,

      v.

CAROLYN W. COLVIN, Commissioner of Social Security,

                Defendant.

Case No. C13-1116-JLR-BAT

**REPORT AND RECOMMENDATION**

Thomas K. Martin, proceeding *pro se*, appeals the denial of his benefits applications. Dkt. 4. The Court recommends **AFFIRMING** the Commissioner's final decision and **DISMISSING** the matter with prejudice under Federal Rule of Civil Procedure 41(b) because, as discussed below, Mr. Martin has failed to prosecute the matter and failed to respond to the Court's orders that he present the issues and arguments he wishes the Court to review.

## BACKGROUND

On June 28, 2013, Mr. Martin filed a *pro se* complaint alleging that the ALJ's decision finding him able to perform work activities "is not supported by substantial evidence and applies an erroneous standard of law." Dkts. 1, 4. The Commissioner filed the administrative record on September 10, 2013. The record shows that in July 2006, Mr. Martin applied for benefits,

REPORT AND RECOMMENDATION - 1

alleging disability as of August 1, 2002.  After his applications were denied, the ALJ conducted a hearing in May 2009, and issued an unfavorable decision.  Mr. Martin appealed, and the Appeals Counsel issued an order vacating and remanding the ALJ's decision.  The ALJ conducted a second hearing on December 10, 2010.  During the hearing, Mr. Martin amended the alleged onset date of disability to May 26, 2006.  On March 25, 2011, the ALJ issued a second decision, finding Mr. Martin not disabled.[1]  The Appeals Council denied Mr. Martin's request for review, making the ALJ's 2011 decision the Commissioner's final decision.  *See* Tr. 19-20.

After the Commissioner filed the administrative record, the Court set a briefing schedule and ordered Mr. Martin to file an opening brief by October 8, 2013.  Dkt. 14.  Mr. Martin did not file an opening brief.  The Commissioner filed a response, arguing that the ALJ's decision was free of legal error and supported by substantial evidence, and that, in any event, the Court should dismiss the case because Mr. Martin failed to file an opening brief in violation of the Court's scheduling order.  Dkt. 15.

Given the circumstances in this case, the Court declined to dismiss the case as urged by the Commissioner.  Instead, on November 27, 2013, the Court ordered Mr. Martin to show cause why the case should not be dismissed.  Dkt. 16.  The show cause order advised Mr. Martin that as the plaintiff, he had the responsibility to explain to the Court (1) what the ALJ did wrong; (2) what evidence supported his position; and (3) why the ALJ's error was harmful.  *Id.*  The Court further explained that Mr. Martin could meet this responsibility by filing an opening brief that informed both the Commissioner and the Court of the specific claims he wished the Court to address.  Without an opening brief, Mr. Martin was advised, the Court would have to guess at what claims he intended to present.  Additionally, the Court advised Mr. Martin that it could not

---

[1] The record indicates Mr. Martin was represented by counsel in the proceedings before the Commissioner.

act as the lawyer for either side, that is, the Court could not make arguments on behalf of a party or decide the case based on issues that the parties did not raise.

The Court also advised Mr. Martin that his failure to file an opening brief violated the Court's scheduling order, and that if the Court found he failed to file his brief without just cause, the Court could dismiss the case or impose other sanctions. Local Civil Rule 11(c); *see also* Fed. R. Civ. P. 41(b). After these advisements, the Court ordered Mr. Martin to: (1) submit to the Court by January 8, 2014, an opening brief explaining what the ALJ did wrong, what evidence supported his position, and why the ALJ's error was harmful; or (2) explain no later than January 8, 2014, why the case should not be dismissed for failing to follow the Court's scheduling order in the event he could not or did not file an opening brief. The Court also advised Mr. Martin that if he did not file an opening brief or did not explain why he failed to follow the scheduling order, the Court could recommend the case be dismissed. Dkt. 16. As of the date of this Report and Recommendation, Mr. Martin has submitted no pleadings and has not responded to the Court's show cause order.

## DISCUSSION

The Commissioner argues, *inter alia*, that the Court should dismiss the case for failure to prosecute under Federal Rule of Civil Procedure 41(b), which provides: "If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." *See* Dkt. 15 at 2. A dismissal for lack of prosecution must be supported by a showing of unreasonable delay, which, if demonstrated, creates a presumption of injury to the defendant. *See Henderson v. Duncan*, 779 F. 2d 1421, 1423 (9th Cir. 1986). Because dismissal is a harsh penalty, the Court must weigh several factors in determining whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the

court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id.* at 1423.

Applying the factors articulated in *Henderson*, here, the Court dismissal would be appropriate. First, there is no question of unreasonable delay. Other than submitting to the Court a complaint and application to proceed *in forma pauperis* on June 28, 2013, Mr. Martin has taken no other action in this case. As noted above, on September 10, 2013, the Court ordered Mr. Martin to file an opening brief by October 8, 2013. Neither an opening brief nor request for more time was filed. On November 27, 2013, instead of recommending dismissal as urged by the Commissioner, the Court granted Mr. Martin until January 8, 2014, to file an opening brief or explain why the matter should not be dismissed. Mr. Martin has filed nothing in response to this order. Mr. Martin's complete inaction firmly shows the case has languished creating an unreasonable delay.

The five factors noted in *Henderson* also support dismissal. The first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—are often considered together because they both underlie a finding of unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). Both factors strongly weigh in favor of dismissal here because Mr. Martin has taken no action whatsoever despite the Court's orders to do so. Additionally, Mr. Martin has not filed anything since initiating the action in June 2013, much less provided any explanation justifying the failure to respond to the Court's orders. This has resulted in a case that sits stagnant on both the Court's docket and the Commissioner's caseload of potential liabilities. *Cf. Chism v. Nat'l Heritage Life Ins. Co.*, 637 F.2d 1328, 1332 (9th Cir. 1981), *overruled on other grounds by Bryant v. Ford Motor Co.*, 844

F.2d 602 (9th Cir. 1987) (period of time constituting unreasonable delay need not be extensive if "the future [holds] only the prospect of continued improprieties").

As to the third factor, the risk of prejudice to the defendant, "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure. The law presumes injury from unreasonable delay." *In re Eisen*, 31 F.3d at 1452. This presumption is rebuttable, a burden Mr. Martin failed to meet by being unresponsive.

The fourth factor requires the Court to consider public policy, which favors the disposition of cases on their merits. While the Court respects the policy favoring disposition of cases on their merits, it is a plaintiff's duty to move the matter towards that disposition at a reasonable pace and to refrain from dilatory conduct. Because Mr. Martin has done nothing to move the case forward, and has neglected his responsibility to respond to the Court's orders, the Court concludes that this factor weighs in favor of dismissal.

Finally, although dismissal is an extreme remedy, a less drastic alternative is not available. It would make no sense to impose a monetary sanction against Mr. Martin, an indigent plaintiff, or to continue the matter and order a new briefing schedule, which would only further delay the case, with no end in sight, given Mr. Martin's complete lack of action. Accordingly, the Court concludes that dismissal is the only appropriate remedy under the circumstances.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, Mr. Martin should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed.  Any objections to the recommendation that this matter be dismissed must be filed and served upon all parties no later than **January 27, 2014**. The Clerk should note the matter for **January 31, 2014**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed eight pages.  The failure to timely object may affect the right to appeal.

## CONCLUSION

For the foregoing reasons, the Court recommends **AFFIRMING** the Commissioner's final decision and **DISMISSING** the case with prejudice.  A proposed order accompanies this Report and Recommendation.

DATED this 10th day of January, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge